**UNITED STATES of America, Appellee,**

v.

**Darius WHITE, Appellant.**

No. 88–2404.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1989.

Decided Nov. 7, 1989.

■

Kevin E. Glynn, Kansas City, Mo., for appellant.

Thomas H. Newton, Kansas City, Mo., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge and MAGILL, Circuit Judge.

ARNOLD, Circuit Judge.

Darius White appeals the sentence imposed by the District Court[1] under Federal Sentencing Guidelines Level 26, Category II, of 70 months' imprisonment for possession with intent to distribute cocaine base and 60 months' imprisonment for use of a firearm in the commission of a felony. White argues that the District Court was bound by a plea agreement to sentence him under Category I, regardless of an earlier conviction discovered during the presentence investigation, or to afford him an opportunity to withdraw his guilty plea. White also argues that the plea agreement entitles him to a two-step reduction in his base-offense level, to Level 24, for acceptance of responsibility. We affirm.

 The plea agreement does not bind the Court to sentence White under Category I. The agreement specifies: "No prior felony convictions of defendant White are known. Therefore, a criminal history of Category I is applicable.... Offense Level 26, Category I, *absent any other circumstances*, requires a sentence of 63 to 78 months on the cocaine base ... charge." Plea Agreement ¶¶ 4 and 5 (emphasis added).

During the guilty-plea hearing, the judge made clear to White that the presentence investigation would establish the governing facts, and that White would have an opportunity to contest those facts before the Court used them to calculate White's sentence under the Guidelines. The judge asked White if he understood that the "plea agreement does not spell out specifically any range or any specific sentence," and that the probation office would evaluate White, assigning points as required by the Guidelines and arriving at the appropriate range of punishment. White said he understood these things, and also understood that the judge would "have the option to assess that punishment at anywhere between the range that is finally listed as a result of this presentence and the hearing on the application of the guidelines." Tr. 29–30 (Guilty Plea Hearing).

1. The Hon. Dean Whipple, United States District Judge for the Western District of Missouri.

The presentence investigation report alerted the Court to an earlier conviction for attempted robbery that White received when he was seventeen years old, and that carried a penalty of twelve months' incarceration and a fifteen-month probation period. Under Sentencing Guidelines § 4A1.2(d)(2)(A), a juvenile sentence of at least sixty days, from which the defendant has been released within five years of committing the instant offense, triggers the addition of two criminal-history points. Those points by themselves mandate Category II treatment. Sentencing Guidelines, Chapter 5, Part A.[2]

Accordingly, the judge followed the presentence report's conclusion that White should be sentenced under Offense Level 26, Category II, which carries a range of imprisonment options from 70 to 87 months. The judge imposed the minimum prison term, 70 months, noting:

> As I said earlier, the facts establish the applicable guidelines to apply and the points to assess, not what is agreed to in the plea agreement. That's why a presentence is ordered. But in keeping with the plea agreement, I do intend to assess within the overlap of the months ... [designated for] category 1 and category 2.

Tr. 54 (Sentencing Hearing). Level 26, Category I, as correctly described in Paragraph 5 of the Plea Agreement, has a range of sentence options from 63 to 78 months' imprisonment. Thus, the judge imposed a sentence that is permissible under either Category I or Category II, and that even falls within the lower half of the penalty range for Category I. Given this, and the judge's clear proviso, in accepting the plea, that the sentence would be based on the facts established in the presentence investigation, we perceive nothing unlawful about the 70–month sentence White received.

As for White's argument that the Plea Agreement implies a promised reduction to Level 24 for acceptance of responsibility under Guidelines § 3E1.1, we hold that this claim is wholly without merit. The Plea Agreement itself uses discretionary language:

> Defendant White may be entitled to a two-level reduction based on acceptance of responsibility. Defendant will discuss his knowledge and involvement in the present offenses with the Federal Office of Probation and Parole. After those discussions, that office will make a determination about defendant White's acceptance of responsibility.

Plea Agreement ¶ 7. Moreover, in summarizing the Plea Agreement at the hearing, White's counsel explained: "It contains some language that indicates a scope of cooperation that might allow Mr. White to have his sentence imposed instead of at level 26 under level 24 on Count V." Tr. 28–29 (Guilty Plea Hearing). White could not reasonably believe that Paragraph 7 of the Plea Agreement bound the Court to award the two-step reduction when his own lawyer described the reduction as a mere possibility.

█ The sentencing judge is in a unique position to assess the appropriateness of granting the adjustment for acceptance of responsibility, and is entitled to great deference in reaching this determination. Sentencing Guidelines § 3E1.1, Commentary. We do not see fit to disturb the Court's determination here when, among other factors that the judge may have considered, the defendant ran from the police and later stated, "Man, I knew I had the warrant [outstanding], and I even thought of giving up. But then I said, 'F*** it, man. I'll take my chances and split.'" No. 88–00024–04–CR–W–1, Detention Order, p. 4, ¶ 9 (W.D.Mo. May 19, 1988). Although White pleaded guilty and admitted to activities as a member of the "Bloods" gang, we see no abuse of discretion in the

---

**2.** White's attorney knew of the earlier conviction when he counseled his client about the Plea Agreement containing the Category I language. Tr. 48 (Sentencing Hearing). While White was not obliged to flag for the prosecution his criminal record, he and his counsel ought to have been aware that the earlier conviction might surface during the presentence investigation and have an impact on the final sentence.

District Court's denial of the § 3E1.1 adjustment.

Affirmed.