**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Darrell MACKBEE,**
**Defendant–Appellant.**

No. 89–50231.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 1990.*
Decided Jan. 23, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

John S. Crouchley, Talcott, Lightfoot, Vandevelde, Woehrle and Sadowsky, Los Angeles, Cal., for defendant-appellant.

Patrick W. McLaughlin, Sp. Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before GOODWIN, FARRIS and NOONAN, Circuit Judges.

PER CURIAM:

Darrell Mackbee appeals the district court's calculation of his prison sentence pursuant to the Federal Sentencing Guidelines. We review the applicability and constitutionality of the Sentencing Guidelines under a *de novo* standard of review. *United States v. Restrepo*, 884 F.2d 1294, 1295 (9th Cir.1989). We affirm.

## FACTS

Mackbee was sentenced to 92 months incarceration after pleading guilty to possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Mackbee disputes the district court's calculation of his criminal history category. Pursuant to Section 4A1.1 of the Guidelines, the district court added three points for a prior narcotics conviction that was pending appeal, and two points for a prior juvenile detention sentence. The prior narcotics violation resulted in a five year prison term, from which Mackbee was on release pending appeal when the instant violation occurred. The juvenile sentence involved a felony grand theft offense and placed Mackbee in the custody of the California Youth Authority. Mackbee claims that the district court erred in considering these prior sentences in the calculation of his criminal history category.

## DISCUSSION

### (1) Prior Juvenile Sentence

■ Mackbee claims that consideration of his juvenile detention sentence was improper under Sections 4A1.1 and 4A1.-2(d)(2) of the Guidelines. Section 4A1.-2(d)(2) requires the addition of two points for "each adult or juvenile sentence to confinement of at least sixty days." Mackbee also argues that use of the juvenile sentence to enlarge an adult criminal sentence violates his due process rights because the former sentence was rendered in a less reliable adjudicatory setting. We expressly addressed and rejected both arguments in *United States v. Williams*, 891 F.2d 212 (9th Cir.1989). We adhere to our decision in *Williams*.

### (2) Prior Criminal Sentence

■ Mackbee also argues that the district court improperly considered his prior narcotics conviction that was still pending appeal. Section 4A1.1(a) of the Guidelines requires that three criminal history points be added for "each prior sentence of imprisonment exceeding one year and one month." Mackbee argues that since the conviction might be vacated on appeal, it is improper to consider sentences pending appeal as a "prior sentence." Although the Guidelines do not expressly address this issue, we hold that Section 4A1.1 sentence enhancements apply to sentences that are pending appeal.

Mackbee relies on our opinion in *Williams v. United States*, 651 F.2d 648 (1981). In *Williams*, we held that a prior conviction that was pending a petition for a writ of certiorari from the Supreme Court could not be used to enhance a sentence under the recidivist statute 21 U.S.C. § 841. Our holding, however, was premised on the particular language of that statute which permitted enhancement only for prior convictions that had become "final."

The Guidelines are not so limiting. Section 4A1.2(a)(1) defines "prior sentence" as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*." Language indicating a requirement that the sentence be final is conspicuously absent. In *Williams*, we noted that the use for enhancement purposes of convictions pending appeal had been proper under the for-

mer statutory language that required only that the defendant have "been previously convicted." *Id.* at 649. The unqualified language of the Guidelines should be interpreted similarly.

We reject Mackbee's contention that he will suffer an unfair sentence in the event that the prior conviction is ultimately reversed. Since a sentence may not be enhanced due to a void or unlawful prior conviction, Mackbee would have the right to petition for resentencing in light of the invalidity of the prior conviction. *See Williams*, 651 F.2d at 649. We find no error in the district court's calculation of the criminal history category.

Affirmed.