**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Francisco RANGEL–NAVARRO, Defendant–Appellant.**

**No. 89–10412.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 18, 1990.

Decided July 2, 1990.

Robert M. Holley, Asst. Federal Defender, Sacramento, Cal., for defendant-appellant.

Glyndell E. Williams, Asst. U.S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before SCHROEDER and CANBY, Circuit Judges, and GILLIAM,* District Judge.

### OPINION

GILLIAM, District Judge:

Francisco Rangel–Navarro challenges his sentence under the Federal Sentencing

---

* Honorable Earl B. Gilliam, United States District Judge for the Southern District of California, sitting by designation.

Guidelines, which the district court entered following his plea of guilty to being a deported alien found in the United States in violation of 8 U.S.C. section 1326. Rangel–Navarro contends that a civil declaration of wardship by a California Juvenile Court does not constitute a criminal sentence for the purposes of a two-point increase in his criminal history rating pursuant to Guideline section 4A1.2(d). Guideline section 4A1.2(d), read in conjunction with Application Note 7 concerning offenses committed prior to age eighteen, guides this court's decision. Therefore we affirm.

On May 11, 1987, Rangel–Navarro was arrested in San Francisco, California for assault with a deadly weapon, a violation of California Penal Code section 245(a)(1). On May 20, 1987, Rangel–Navarro admitted the violation in California Juvenile Court. Pursuant to California Welfare and Institutions Code section 602, the juvenile court committed Rangel–Navarro to ninety days in custody in Juvenile Hall and ordered that he be released to the Immigration and Naturalization Service ("INS") for return to Mexico. The juvenile court also declared Rangel–Navarro a ward of the court pursuant to California Welfare and Institutions Code section 726(c).

On May 27, 1987, Rangel–Navarro was deported to Mexico. He returned to the United States the next day, well within the ninety-day custody period. On April 19, 1989, Rangel–Navarro pleaded guilty to the charge of being a deported alien found in the United States. In Rangel–Navarro's presentence report, the United States Probation Office gave him a two-point increase in his criminal history rating pursuant to Guideline section 4A1.2(d) "because the defendant was imprisoned at the time of the present offense." Excerpt of Record at 16. On June 14, 1989, the probation office amended the report to read, "because the defendant was a ward of the Juvenile Court when he illegally reentered the United States." Supplemental Excerpt of Record at 3.

Rangel–Navarro objected to the two-point increase. The district court adopted the recommendation of the probation offi-cer. The court explained that a juvenile commitment under section 602 is a criminal commitment. Thus, because Rangel–Navarro reentered the United States prior to the end of the ninety-day commitment, the court applied Guideline section 4A1.2(d).

This circuit applies a *de novo* standard when reviewing "the legality of a criminal sentence." *United States v. Lucatero*, 889 F.2d 916, 917 (9th Cir.1989); *see also United States v. Restrepo*, 884 F.2d 1294, 1295 (9th Cir.1989) (holding that *de novo* review of the application of the Sentencing Guidelines is appropriate).

Rangel–Navarro contends that proceedings in a California juvenile court are civil rather than criminal in nature, citing *In re K.D.K.*, 75 Cal.Rptr. 136, 269 Cal.App.2d 646 (1969), and therefore, the court should not have given him a two-point increase in his criminal history rating. Proceedings pursuant to section 602, however, are criminal proceedings for juveniles. Rangel–Navarro's juvenile offense was not a status offense under section 601. Rather, he was sentenced for assault with a deadly weapon.

Guideline section 4A1.2(d)(2)(A) contemplates this very situation. Section 4A1.2(d)(2)(A) instructs the court to "add 2 points under § 4A1.2(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense." U.S.S.G. § 4A1.2(d)(2)(A). The commentary to section 4A1.2(d) explains that the section counts only the above juvenile sentences because the different availability of juvenile records otherwise would result in large disparities. U.S.S.G. § 4A1.2(d), application note 7.

For these reasons, the sentence is AFFIRMED.