**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Timothy BOOTEN, Defendant–Appellant.**

No. 89–30282.

United States Court of Appeals, Ninth Circuit.

Argued; Submission Deferred May 11, 1990.

Resubmitted Aug. 30, 1990.

Decided Sept. 20, 1990.

Scott E. Asphaug, Asst. Federal Public Defender, and Robert Reid, Asst. Federal Public Defender, Portland, Or., for defendant-appellant.

Michael J. Brown, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before BROWNING, ALARCON and KOZINSKI, Circuit Judges.

ALARCON, Circuit Judge:

Timothy Booten appeals from the sentence imposed by the district court. Booten seeks reversal on the following grounds:

One. Congress did not authorize the United States Sentencing Commission to adopt guidelines that would permit a district court to consider a juvenile court adjudication as part of a defendant's criminal history in determining the appropriate sentence.

Two. The Sentencing Guidelines violate due process in equating a juvenile court adjudication with a criminal conviction.

We disagree with each contention and affirm.

### PERTINENT FACTS

Booten pleaded guilty, pursuant to a plea bargain, to the crime of knowingly distributing more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The court ordered that sentencing proceedings would be conducted on September 11, 1989.

A presentence report was prepared by the United States Probation office. The report concluded that the appropriate offense level for the crime of knowingly distributing more than five grams of cocaine base was 26. Booten does not dispute this calculation. An offense level of 26 results in a sentencing guideline range of 63–78 months if the Criminal History Category is I. U.S.S.G. Sentencing Table. If the Criminal History Category is fixed as a II, the guideline range is 70–87 months. *Id.* Sentencing Guideline 4A1.2(d)(2)(A) sets forth the procedure for determining the appropriate Criminal History Category. Section 4A1.2(d)(2)(A) provides that for "Offenses Committed Prior to Age Eighteen" the court shall "add 2 points ... for each adult or *juvenile* sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense." One point is added for any other "adult or juvenile sentence imposed within five years" that does not fall within the preceding section. U.S.S.G. § 4A1.2(d)(2)(B) (emphasis added).

The probation officer assigned three points based on acts that occurred when Booten was under eighteen years of age that resulted in separate juvenile court adjudications that he committed a battery and an assault by means of force likely to produce great bodily injury. The probation officer in this matter added two criminal history points because Booten was committed to juvenile hall for eight months for committing the offense of battery. One criminal history point was assigned based on the assault by means of force likely to produce great bodily injury because Booten was placed on probation.

On September 7, 1989, Booten's counsel filed a motion to exclude use of juvenile court adjudications in fixing the Criminal History Category. This motion was denied. The district court concluded that Booten was in Criminal History Category II because his criminal history points totaled three. Booten received two points because he served eight months for committing battery. *See* U.S.S.G. § 4A1.2(d)(2)(A) (quoted above). The district court assigned an additional point based on the fact that Booten was placed on probation for assault. *See* U.S.S.G. § 4A1.2(d)(2)(B) (quoted above).

Pursuant to the plea agreement, the government recommended that the court impose a sentence at the low end of the applicable sentencing guideline range. The court accepted the recommendation and or-

dered Booten to serve 76 months in prison. This sentence was on the lower end of the sentencing guideline range for Criminal History Category II (70–87 months). It would have been on the high end of the sentencing guideline range for Criminal History Category I (63–78 months).

### A. Congressional Authorization to Consider a Juvenile Adjudication as Part of a Person's Criminal History

■ Booten contends that Congress did not authorize the Sentencing Commission to consider a juvenile court adjudication in adopting sentencing guidelines. A challenge to the validity of a sentence on the ground that the United States Sentencing Commission exceeded the scope of the authority delegated to it by Congress in promulgating sentencing guidelines presents a pure question of law. We review questions of law de novo. *See United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

■ Congress authorized the Sentencing Commission to consider a person's "criminal history" in promulgating guidelines for the imposition of "an appropriate sentence." 28 U.S.C. § 994(d)(10). Booten argues that section 994(d)(10) does not authorize the Sentencing Commission to permit judges to consider juvenile adjudications in assessing a defendant's "criminal history" when making a sentencing decision.

Congress did not define the term "criminal history" in section 994(d)(10). It is not clear from the plain meaning of these words that Congress intended that juvenile court adjudications could be taken into account in passing sentence. To discern the meaning intended by Congress on its use of the words "criminal history" we can look to the legislative history for guidance. *Seldovia Native Ass'n., Inc. v. Lujan,* 904 F.2d 1335, 1341 (9th Cir.1990) (citing *Blum v. Stenson,* 465 U.S. 886, 896, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984)).

The legislative history concerning the reach of section 994(d)(10) reveals that the "criminal history ... factor includes not only the number of prior criminal acts— whether or not they resulted in convictions—the defendant has engaged in, but

their seriousness, their recentness or remoteness." S.Rep. No. 225, 98th Cong., 1st Sess. 174, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3357. Thus, Congress authorized the Sentencing Commission to enact guidelines that would permit a trial judge to consider a defendant's prior criminal *conduct* in making a sentencing decision, notwithstanding the fact that the defendant may not have been adjudged guilty of the prior act. In carrying out this congressional mandate, the Sentencing Commission has authorized trial judges to take into account prior criminal acts in fixing punishment. The Sentencing Guidelines require, however, that the commission of such prior criminal act be proved by a judgment from an adult or juvenile court. Contrary to Booten's contention, the Sentencing Commission did not exceed its delegated authority. The Sentencing Commission limited the term "criminal history" to criminal acts that resulted in an adjudication of guilt. In so doing, it declined to exercise the authority granted to it by Congress to permit judges to take into account illegal acts that did not result in a conviction or adjudication as part of a defendant's criminal history.

Booten also asserts "that the term 'criminal' history in title 28 U.S.C. § 994(d)(10) is not meant to include juvenile adjudications." Appellants Opening Brief at 10. This contention lacks merit. In *United States v. Rangel–Navarro,* 907 F.2d 109 (9th Cir.1990), we held that juvenile adjudication resulting in detention for acts that normally constitute criminal behavior "are criminal proceedings for juveniles." *Id.* at 110.

■ Booten's argument that Congress did not authorize the Sentencing Commission to consider juvenile adjudications runs into an additional difficulty. Defendant views the interpretation of the phrase "criminal history" as dispositive. In defendant's view, if the phrase "criminal history" was not intended by Congress to include juvenile adjudications then the Sentencing Commission exceeded its authority. This is a misreading of the statute. While it is true that Section 994(d) explicitly di-

rects the Sentencing Commission to consider criminal history and ten other factors in establishing sentencing guidelines, *see* 28 U.S.C. § 994(d)(1)–(11), the identified factors were not intended by Congress to be exclusive. Section 994(d) explicitly directs the Commission to consider the eleven listed factors "among others." 28 U.S.C. § 994(d). Indeed, according to the Senate Report, the Commission "is *required* under subsection (d) to determine whether other factors not specifically listed are relevant to the sentencing decision." S.Rep. No. 225, 98th Cong., 1st Sess. 171, *reprinted in* 1984 U.S.Code & Admin.News 3354 (emphasis added).

The Commission's use of juvenile adjudications in developing sentencing guidelines thus stands on solid ground. Congress has directed the Commission to determine the relevance of factors not listed in Section 994(d). The Commission has determined that juvenile adjudications are a relevant factor. In the absence of any evidence of congressional intent to preclude this specific finding by the Commission, we see no reason to disturb it.[1]

The district court did not err in applying section 4A1.2(d)(2)(A) and (B) in determining that Booten's criminal history placed in Category II. The Sentencing Commission acted within its statutory charge in authorizing trial judges to consider criminal acts committed by a defendant prior to age eighteen.

B. *Equation of Juvenile Adjudications and Criminal Convictions under the Due Process Clause*

■ Booten argues that sections 4A1.-2(d)(2)(A) and (B) violate due process because they equate a juvenile adjudication of guilt with the judgment of an adult criminal court. This argument ignores the law of the circuit. We rejected a similar argu-

ment in *United States v. Mackbee,* 894 F.2d 1057 (9th Cir.) (per curiam), *cert. denied,* —— U.S. ——, 110 S.Ct. 2574, 109 L.Ed.2d 755 (1990) and *United States v. Williams,* 891 F.2d 212 (9th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1496, 108 L.Ed.2d 631 (1990). We are bound by those decisions. *See Landreth v. Commissioner,* 859 F.2d 643, 648 (9th Cir.1988) (absent en banc review or an intervening Supreme Court decision, a three-judge panel's decision is binding).

AFFIRMED.

---

**1.** The courts have routinely and unanimously applied Sentencing Guideline 4A1.2(d), which enhances sentences based upon the defendant's conduct as a juvenile, without questioning the Commission's statutory authority to promulgate that guideline. *See, e.g. United States v. Reid,* 911 F.2d 1456 (10th Cir.1990); *United States v. Rangel–Navarro,* 907 F.2d 109 (9th Cir.1990); *United States v. Hanley,* 906 F.2d 1116 (6th Cir.

1990); *United States v. Brown,* 903 F.2d 540, 543 n. 3 (8th Cir.1990); *United States v. Bucaro,* 898 F.2d 368 (3rd Cir.1990); *United States v. Mackbee,* 894 F.2d 1057 (9th Cir.1990); *United States v. Kirby,* 893 F.2d 867 (6th Cir.1990); *United States v. Williams,* 891 F.2d 212 (9th Cir.1989); *United States v. White,* 888 F.2d 1252 (8th Cir. 1989).