UNITED STATES of America, Appellee,

v.

David Edwards YOUMANS, Appellant.

No. 90–5193.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 12, 1991.

Decided Feb. 22, 1991.

Craig Cascarano, Minneapolis, Minn., for appellant.

Denise D. Reilly, Minneapolis, Minn., for appellee.

Before FAGG and BOWMAN, Circuit Judges, and HEANEY, Senior Circuit Judge.

PER CURIAM.

David Edward Youmans appeals his prison sentence of 151 months imposed by the district court[1] upon his guilty plea to one count of conspiracy to possess cocaine with the intent to distribute and one count of distributing cocaine in violation of 21 U.S.C. §§ 841 and 846. Youmans argues he was entitled to an adjustment for acceptance of responsibility. We affirm.

Youmans was charged in two counts of a 46 count superseding indictment. Count 21 charged Youmans with distributing three ounces of cocaine on May 1, 1989. Count 32 charged Youmans with conspiracy to possess with intent to distribute over five kilograms of cocaine. Youman's prior criminal history was such that he faced a statutory minimum sentence of life imprisonment if he were convicted on Count 32. 21 U.S.C. § 841(b)(1)(A)(ii).

Youmans entered into a plea agreement which provided, inter alia, that if he provided truthful testimony against other drug conspirators, the government would ask the court to impose a sentence below the life time mandatory minimum sentence required by statute and would further request the court in a 5K1.1 motion to depart downward because of Youmans' substantial assistance. Youmans testified at the trial of Ralph Duke, the leader of the conspiracy. Thereafter, the government made the agreed-to motions. The district court granted the government's motion under 18 U.S.C. § 3553(e), denied the 5K1.1 motion, and sentenced Youmans to 151 months.

At sentencing, the government made no recommendation regarding an acceptance-of-responsibility adjustment, but stated that it left to the court the assessment of the "truthfulness of [Youman's] cooperation" under the plea agreement. Youmans raised no objection to the government's position. The government then moved for a 2-level adjustment for obstruction of justice based on an incident which occurred while Youmans was awaiting sentencing. The court denied the obstruction adjustment, and adopted the presentence report's finding in denying an adjustment for acceptance of responsibility. The court sentenced Youmans to 151 months imprisonment based on a sentencing range of 121–151 months.

On appeal, Youmans argues the court's finding that he had not accepted responsibility was clearly erroneous. He also ar-

---

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

gues the government "abrogated its part of the plea agreement" by failing to move for a 2-level decrease for acceptance of responsibility and by moving for an increase for obstruction of justice.

■ Whether a defendant has accepted responsibility is a factual question which depends largely on credibility assessments by the sentencing court. *United States v. Evidente*, 894 F.2d 1000, 1002 (8th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990). This court reverses only if the court's ruling is without foundation. *Id.* Upon reviewing the record, we do not believe the court's refusal to grant the adjustment was without foundation. *Cf. United States v. White,* 888 F.2d 1252, 1254 (8th Cir.1989) (affirmed denial of reduction even though defendant pleaded guilty and admitted to activities as gang member).

■ Although the government did not clearly state its reason for failing to recommend an adjustment for acceptance of responsibility, Youmans waived this claim because he did not object before the sentencing court that this failure breached the plea agreement, and he does not now request withdrawal of his plea. *See United States v. Benson,* 836 F.2d 1133, 1135 (8th Cir. 1988) (complaints not brought to attention of district court at time of sentencing hearing are not preserved for review); *cf. United States v. Sheffer,* 896 F.2d 842, 847 (4th Cir.1990) (persistence in plea after trial court offered to permit withdrawal waived right to appeal issue). Youman's remaining argument concerning the government's obstruction-of-justice motion is without merit.

Accordingly, we affirm.