956 F.2d 272
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
John BOHLANDER, Defendant/Appellant.
 No. 91-3127.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 10, 1992.*
Decided Feb. 27, 1992.
 
 Before CUMMINGS and CUDAHY, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 From May 1988 through June 1989, John Bohlander applied for and received state public-aid funds. To maintain eligibility for these funds, the state and federal agencies that doled out the funds to Bohlander required that he submit forms monthly stating if he had other sources of income or employment. Each month Bohlander answered "no" to all the questions when in fact he had received and continued to receive income as a self-employed painter. By concealing this income Bohlander was able continually to receive public aid.
 
 
 2
 Bohlander pleaded guilty to one count of making a false statement to a United States agency. At sentencing the court enhanced by 2 levels Bohlander's base offense level of 6 because his scheme required "more than minimal planning." U.S.S.G. § 2F1.1(b)(2). The court set Bohlander's criminal history level at II because his record showed a prior state conviction. Bohlander objected to the court's findings regarding both of these levels. Bohlander raises the same objections before this court on appeal.
 
 
 3
 Bohlander first argues that the court erred by enhancing his offense level for "more than minimal planning." Bohlander stakes his claim of error on two arguments. First, he claims that the act of circling "no" on the public-aid questionnaire is "the most simple uncomplex manner to wrongfully obtain welfare benefits." Appellant Br. at 5. Accordingly, Bohlander argues, the scheme's simplicity bars a finding that his crime required more than minimal planning. Second, he contends that, because the court based its ruling on the guidelines commentary that defines "more than minimal planning," (as opposed to ruling based on section 2F1.1(b)(2) itself) the court ruled on improper legal grounds.
 
 
 4
 We treat with due deference a district court's determinations in applying the concept of "more than minimal planning." United States v. Lennick, 917 F.2d 974, 979 (7th Cir.1990). Thus, Bohlander must show that the court was clearly erroneous when it determined that Bohlander's activities warranted an increased base offense level under 2F1.1(b)(2). Id. The guidelines say that, " 'More than minimal planning' is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune. Consequently, this adjustment will apply especially frequently in property offenses." U.S.S.G. § 1B1.1, comment. (n. 1(f)). Our cases have adopted this presumption. See Lennick, 917 F.2d at 979.
 
 
 5
 For fourteen consecutive months Bohlander concealed his painting income in order to receive public aid. In each of these fourteen months he fraudulently answered "no" to questions that asked about his sources of income. We have upheld increases under section 2F1.1(b)(2) for activity involving fewer repeated acts over a lesser period of time than this. Id. (listing cases). The district court, therefore, did not commit clear error by increasing Bohlander's offense level. Nor did the court err by using the commentary to the guidelines to guide its decision. The court did not sentence Bohlander under the commentary; the court used the commentary to counsel its decision under the applicable guideline section.
 
 
 6
 Bohlander also argues that the court erred by setting his criminal history level at II. The court sentenced him at this level because he had a prior state conviction. Bohlander, though, invokes U.S.S.G. § 4A1.2(a)(3) to argue that his prior sentence does not count because the state appellate court had stayed the sentence pending appeal of the conviction so he had not yet served time on the sentence.
 
 
 7
 Section 4A1.2(a)(3) of the sentencing guidelines provides that, "A conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)." Section 4A1.1(c) reduces the 3 points assigned normally for a prior conviction to 1 point for convictions that fall under the mandate of section 4A1.2(a)(3). Bohlander's prior conviction, however, does not fall under section 4A1.2(a)(3). The district court, following the holding in United States v. Mackbee, 894 F.2d 1057, 1058 (9th Cir.1990), found that the word "totally" in section 4A1.2(a)(3) means that the section applies to cases in which the court refrained from enforcing the conviction, not to cases pending appeal.
 
 
 8
 Congress has since amended section 4A1.2 to clarify any ambiguity in the phrase "totally suspended or stayed." Effective November 1, 1991, U.S.S.G. § 4A1.2(l) reads: "In the case of a prior sentence, the execution of which has been stayed pending appeal, § 4A1.1(a), (b), (c), (d), and (f) shall apply as if the execution of such sentence had not been stayed." (Emphasis added). Had Bohlander committed his offense after November 1, 1991 he would clearly be eligible for an enhanced criminal history level. So, even though we must apply the law existing at the time Bohlander committed the offense, United States v. Stewart, 865 F.2d 115, 117 (7th Cir.1988), the subsequent amendment bears out the district court's reasoning.
 
 AFFIRMED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs