24 F.3d 242
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES OF AMERICA, Appellee,
v.
Demetrius LARKINS, Appellant.
 No. 93-3912.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 5, 1994.
Filed: May 25, 1994.
 
 Before McMILLIAN, MAGILL and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Demetrius Larkins appeals his 51-month sentence imposed by the District Court[1] for the District of Minnesota after he pleaded guilty to maintaining a residence for distributing crack cocaine, in violation of 21 U.S.C. Sec. 856(a)(1). For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Larkins made an initial appearance, the district court released him on a $10,000 signature bond, Larkins intentionally failed to appear for his arraignment, and he was arrested several days later. The government was nonetheless prepared-pursuant to a plea agreement-to recommend a reduction for acceptance of responsibility provided Larkins testified truthfully during his change of plea proceeding and cooperated with the U.S. Probation Office in the preparation of the presentence report.
 
 
 3
 Subsequent to the plea agreement, Larkins was temporarily released on bond to attend to family matters and ordered to return to custody about two weeks later. Larkins never returned, and he was placed on fugitive status. While on fugitive status, Larkins was arrested twice: for obstructing legal process and assaulting a police officer when Larkins blocked and wrestled two uniformed police officers who were attempting to arrest another individual and for robbery when he choked a female victim until she was unconscious and took her money and groceries.
 
 
 4
 The government filed a sentencing position several months before sentencing, recommending against a reduction for acceptance of responsibility, and made the same recommendation at the sentencing hearing. Larkins argued that his admission of each element of the crime warranted the reduction. The district court denied Larkins the reduction and sentenced him to 51 months imprisonment and three years supervised release.
 
 
 5
 Larkins argues for the first time on appeal that the government breached the plea agreement by failing to recommend that he receive a two-level acceptance-of-responsibility reduction. He also moves to strike the first sentence of the statement of facts in the government's brief.
 
 
 6
 "This court will not reverse a district court on an issue that is raised for the first time on appeal unless a gross miscarriage of justice would otherwise result." United States v. Filker, 972 F.2d 240, 242 (8th Cir. 1992). In particular, we have held that a defendant's failure to object to the government's position at the sentencing hearing waives any claim that the government breached the plea agreement by its recommendations. See United States v. Beatty, 9 F.3d 686, 691 (8th Cir. 1993) (citing United States v. Youmans, 926 F.2d 747, 749 (8th Cir. 1991) (per curiam)). Despite notice of the government's intent to recommend against an acceptance-of-responsibility reduction, Larkins did not argue at sentencing that the government breached the plea agreement, and thus he has waived this claim. Especially given Larkins's post-plea conduct, we do not find that refusing to address his claim will result in a gross miscarriage of justice.
 
 
 7
 Accordingly, the judgment is affirmed. Larkins's motion to strike the first sentence of the statement of facts in the Brief for Appellee is granted.
 
 
 
 [1]
 The Honorable Donald D. Alsop, Senior United States District Judge for the District of Minnesota