64 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul A. BARNETT, Defendant-Appellant.
 No. 93-50736.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 13, 1995.*
Decided Aug. 18, 1995.
 
 Before: CHOY, SNEED, and SKOPIL, Circuit Judges.
 MEMORANDUM**
 Paul A. Barnett appeals his 137-month sentence following a guilty plea to six counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a). Barnett contends that the district court erred by assessing an upward adjustment for obstruction of justice pursuant to United States Sentencing Guidelines ("U.S.S.G.") Sec. 3C1.1 (Nov. 1994). We affirm.
 
 FACTS
 
 1
 Paul A. Barnett was charged in a first superseding information with six counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a). Barnett pleaded guilty to all six counts. In his plea agreement, Barnett waived his right to appeal if his sentence fell within the parameters of the sentencing guidelines. Barnett retained the right to appeal if the district court gave any upward departure from the applicable sentencing guidelines or incorrectly applied the sentencing guidelines.
 
 
 2
 During the presentence investigation, the probation officer asked Barnett about his prior convictions. Barnett maintained that he had only one arrest for outstanding traffic tickets in 1989. Barnett failed to mention a 1985 juvenile adjudication for robbery and a 1987 juvenile adjudication for possession of ammunition. Barnett also failed to mention that he had an additional 1992 conviction as an adult for driving with a suspended license.
 
 
 3
 The district court found that Barnett provided materially false information to the court and the conduct constituted obstruction of justice. The district court gave Barnett a two-level upward adjustment for obstruction of justice pursuant to U.S.S.G. Sec. 3C1.1. The district court determined that Barnett had a total offense level of 28, with a criminal history category of IV, giving Barnett a sentencing range from 110 to 137 months. On October 8, 1993, the district court sentenced Barnett to 137 months on Counts I through VI, each count to be served concurrently, along with three years of supervised release.
 
 OBSTRUCTION OF JUSTICE
 
 4
 Obstruction of justice is a willful obstruction or impediment, or attempted obstruction or impediment, to the administration of justice during the investigation, prosecution, or sentencing phases of an offense. U.S.S.G. Sec. 3C1.1. "Willfulness" requires that the defendant " 'consciously act with the purpose of obstructing justice.' " United States v. Gardner, 988 F.2d 82, 83 (9th Cir.1993) (per curiam) (quoting United States v. Lofton, 905 F.2d 1315, 1316-1317 (9th Cir.), cert. denied, 498 U.S. 948 (1990)). "[P]roviding materially false information to a probation officer in respect to a presentence or other investigation for the court" is an example of obstruction of justice. U.S.S.G. Sec. 3C1.1 commentary at 3(h). Material information is "information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. Sec. 3C1.1 commentary at n. 5. We can find that the defendant obstructed justice by making false statements to a probation officer, even if those false statements did not impede actual prosecution or investigation. United States v. Benitez, 34 F.3d 1489, 1497 n. 6 (9th Cir.1994) (citing U.S.S.G.App.C. n. 347 (1990)), cert. denied, 115 S.Ct. 1268 (1995).
 
 
 5
 According to the presentence report and addenda, Barnett told the probation officer that he had only been arrested once as an adult. Barnett neglected to mention any of his juvenile adjudications or his other adult conviction. In a subsequent investigation into Barnett's criminal history, the probation office discovered a prior adult traffic conviction and two prior juvenile adjudications. When confronted, Barnett stated that he thought the prior traffic conviction was only a ticket, even though he was sentenced to a ten-day jail term. He also explained his juvenile adjudications as a lack of knowledge of the juvenile system and that he never understood himself to be convicted of anything.
 
 
 6
 On appeal, Barnett claims that because his juvenile adjudications were not criminal proceedings, he could not have materially misled the probation officer regarding his criminal history. Barnett's contention is without merit. We have held that "juvenile adjudication resulting in detention for acts that normally constitute criminal behavior 'are criminal proceedings for juveniles.' " United States v. Booten, 914 F.2d 1352, 1354 (9th Cir.1990) (quoting United States v. Rangel-Navarro, 907 F.2d 109, 110 (9th Cir.1990)); see also United States v. Williams, 891 F.2d 212, 215 (9th Cir.1989) (no due process violation for sentencing judge to include prior juvenile adjudications to enhance sentence under sentencing guidelines), cert. denied, 494 U.S. 1037 (1990).
 
 
 7
 Barnett's misrepresentations of prior criminal convictions or criminal history are material even if the probation officer could have, and in fact, did detect the misrepresentation. See United States v. Donine, 985 F.2d 463, 465 (9th Cir.1993). Even though Barnett's misstatements were detected prior to sentencing, the fact that his statements had the potential of altering his sentence meets the requirements for obstruction of justice. See United States v. Ancheta, 38 F.3d 1114, 1118 (9th Cir.1994); see also Donine, 985 F.2d at 465. Once the district court determined that Barnett's statements were material and obstructed justice, the court was required to give a two-level upward adjustment. See Ancheta, 38 F.3d at 1118. Accordingly, the district court did not err by finding obstruction of justice and granting a two-level upward adjustment.
 
 
 8
 The district court's judgment is AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3