89 F.3d 847
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dion Anthony MATTHEWS, Defendant-Appellant.
 No. 95-35483.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dion Anthony Matthews, a federal prisoner, appeals the denial of his 28 U.S.C. § 2255 motion to vacate his 87-month sentence imposed following a guilty plea to two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Matthews contends that his counsel was ineffective and that the district court should have granted his request for discovery and an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo the denial of a section 2255 motion, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and affirm.
 
 
 3
 Matthews contends that his attorney was ineffective because he failed to: (1) divulge pretrial discovery to Matthews, (2) file a suppression motion, (3) properly investigate and put on an entrapment defense, and (4) preclude the use of Matthews' juvenile record in sentencing. These contentions lack merit.
 
 
 4
 To demonstrate ineffective assistance of counsel, the defendant must establish that counsel's performance was deficient and that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Span, 75 F.3d 1383, 1387 (9th Cir.1996). To demonstrate prejudice, the defendant must show that but for counsel's errors, the outcome of the proceedings would have been different. Strickland, 466 U.S. at 687; Span, 75 F.3d at 1387. There is a strong presumption that the attorney's conduct fell within "the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; Span, 75 F.3d at 1387.
 
 
 5
 "[W]hen the judgment of a conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative, then the conviction and the plea, as a general rule foreclose the collateral attack." United States v. Broce, 488 U.S. 563, 569 (1989); see Tollett v. Henderson, 411 U.S. 258, 266-67 (1973); Moran v. Godinez, 57 F.3d 690, 700 (9th Cir.1994), cert. denied, 116 S.Ct. 479 (1995).
 
 
 6
 Here, the plea hearing was complete and in compliance with Fed.R.Crim.P. 11. The district court questioned Matthews in great detail at that hearing and Matthews admitted that he distributed cocaine base and was voluntarily and intelligently entering his plea agreement. We are satisfied that Matthews entered his plea voluntarily and with full knowledge of the consequences of his plea. Matthews is precluded from challenging the alleged pre-plea ineffective assistance of counsel by the entry of his guilty plea. See Broce, 488 U.S. at 574; Moran, 57 F.3d at 700 (explaining that plea precluded habeas petitioner from raising pre-plea claim that his attorney failed to challenge petitioner's confession); United States v. Bohn, 956 F.2d 208, 209 (9th Cir.1992) (per curiam) (holding that defendant's guilty plea waived his pre-plea claim of assistance of counsel). Accordingly, we need not address Matthews' ineffective assistance of counsel claims because he waived these pre-plea claims when he entered his guilty plea. See Broce, 488 U.S. at 574; Moran, 57 F.3d at 700.
 
 
 7
 Matthews also contends that his attorney was ineffective because he failed to preclude the use of Matthews' juvenile record at sentencing. The court is entitled to use juvenile offenses in calculating criminal history points. See U.S.S.G. §§ 4A1.1(a), 4A1.2(d); see also United States v. Booten, 914 F.2d 1352, 1355 (9th Cir.1990). Accordingly, Matthews' counsel was not ineffective for failing to challenge the use of Matthews' juvenile record. See Strickland, 466 U.S. at 689.
 
 
 8
 Finally, Matthews contends that the district court erred by denying his request for discovery and an evidentiary hearing. Because Matthews' underlying claims lack merit, the district court did not abuse its discretion by failing to grant Matthews' requests. See Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990) (evidentiary hearing), cert. denied, 499 U.S. 940 (1991); Shah v. United States, 878 F.2d 1156, 1162-63 (9th Cir.) (discovery), cert. denied, 493 U.S. 869 (1989); Rule 6, Rules Governing Section 2255 Cases, 28 U.S.C. foll. § 2255.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3