141 F.3d 1181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Johnny MOLINA, Defendant-Appellant.
 No. 97-10338.
D.C. No. CR-95-00446-1-WDB.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 10, 1998**.
Decided Mar. 17, 1998.
 
 Appeal from the United States District Court for the District of Arizona William D. Browning, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Johnny Molina appeals his 151-month sentence imposed following his guilty plea to ten counts of bank robbery in violation of 18 U.S .C. § 2113(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's interpretation of the Sentencing Guidelines. See United States v. Robinson, 94 F.3d 1325, 1327 (9th Cir.1996). We review the district court's application of the Sentencing Guidelines to the facts for an abuse of discretion. See id. We review the district court's findings of fact underlying a sentencing decision for clear error. See id. The district court's decision to depart from the Sentencing Guidelines is reviewed for an abuse of discretion. See United States v. Sablan, 114 F.3d 913, 916 (9th Cir.1997).
 
 
 4
 Molina first contends that the district court erred by enhancing his base offense level by two levels pursuant to U.S.S.G. § 2B3.1(b)(2)(F) for making an express threat of death during the commission of a robbery. This contention lacks merit because Molina's statement to a teller in one robbery that "I have a gun and I'll shoot you" constitutes an express threat of death. See United States v. Eaton, 934 F.2d 1077, 1079 (9th Cir.1991) (note which stated "[g]ive me all your money or I'll shoot" was an express threat of death); U.S.S.G. § 2B3.1, comment. (n.6) ((1995) (demand which states "[g] ive me the money or I will shoot you" constitutes an express threat of death). To the extent that Molina suggests that Eaton or other Ninth Circuit cases should be overruled, "only a panel sitting en banc may overturn existing Ninth Circuit precedent." See United States v. Camper, 66 F.3d 229, 232 (9th Cir.1995).
 
 
 5
 Molina next contends that the district court erred by not granting him an additional one-level reduction in his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b)(2). We disagree because the district court did not err by finding Molina did not timely notify authorities of his intention to plead guilty. See United States v. McClain, 30 F.3d 1172, 1173-74 (9th Cir.1994) (per curiam) (entry of plea eleven days prior to scheduled trial date was untimely).
 
 
 6
 Molina also contends that the district court erred by applying U.S.S.G § 4A1.1(d) which provides for the addition of two criminal history points "if the defendant committed the instant offense while under any criminal justice sentence, including ... parole." This contention lacks merit because Molina was under a special parole term when he committed the instant offenses. See U.S.S.G. § 4A1.1(d) (1995); see also United States v. Mackbee, 894 F.2d 1057, 1058-59 (9th Cir.1990) (per curiam) (holding that sentence enhancements pursuant to U.S.S.G. § 4A1.1(a) apply to sentences that are pending appeal). Similarly, because Molina committed the instant offense less than two years after release from imprisonment, the district court did not err in adding an additional criminal history point. See U.S.S.G. § 4A1.1(e).
 
 
 7
 Molina finally contends that the district court erred by departing upward pursuant to U.S.S.G. § 4A1.3 after concluding that Molina's criminal history was underrepresented because Molina claims that he had no notice that the district court intended to depart on that basis. This contention lacks merit because the presentence report identified U.S.S.G. § 4A1.3 as a basis for departure. See United States v. Rafferty, 911 F.2d 227, 230 (9th Cir.1990).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3