# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 01-4188

SHAWN KELLEY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-00-274-AW)

Submitted: September 25, 2001

Decided: October 17, 2001

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James Wyda, Federal Public Defender, Elizabeth L. Pearl, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellant. Stephen M. Schenning, United States Attorney, Jan Paul Miller, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Shawn Kelley pled guilty to possession with intent to distribute five grams of cocaine base in violation of 21 U.S.C.A. § 841 (West 1999), and was sentenced to a term of ninety months imprisonment. He appeals his sentence, alleging that the district court erred in counting his juvenile adjudications in his criminal history score under *U.S. Sentencing Guidelines Manual* § 4A1.2(d)(2) (2000). We affirm.

On appeal Kelley argues, as he did at his sentencing hearing, that the Sentencing Commission exceeded its mandate and acted irrationally when it promulgated USSG § 4A1.2(d)(2), which he contends violates the Equal Protection Clause. Legal interpretations of the guidelines are reviewed de novo. *See United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989); *see also United States v. Blake*, 81 F.3d 498, 503 (4th Cir. 1996).

Guideline section 4A1.2(d)(2)(A) provides that, for offenses committed before age eighteen, two criminal history points are added under § 4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from confinement within five years of his commencement of the instant offense. Kelley argues that § 4A1.2(d)(2) is unconstitutional because it automatically treats juvenile adjudications like adult sentences for criminal history purposes, although the juvenile justice system is based on principles and goals that are different from the adult justice system. He further contends that § 4A1.2(d)(2) violates equal protection in that juvenile adjudications are treated differently from military, foreign, or tribal sentences and civil adjudications. He also notes that incarcerations for treatment, such as insanity or mental disability, are not automatically counted for criminal history purposes.

The sentencing guidelines as a whole have been held to be constitutional, *Mistretta v. United States*, 488 U.S. 361, 412 (1989), and no court has held § 4A1.2(d)(2) to be invalid.* This Court has rejected

---

*United States v. Davis*, 48 F.3d 277, 279 (7th Cir. 1995); *United States v. Johnson*, 28 F.3d 151,153-55 (D.C. Cir. 1994); *United States v. Booten*, 914 F.2d 1352, 1354-55 (9th Cir. 1990).

a due process challenge to § 4A1.2(d) in *United States v. Daniels*, 929 F.2d 128, 130 (4th Cir. 1991) (holding that defendant cannot raise due process challenge to use of juvenile adjudications for offenses committed after effective date of sentencing guidelines).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*