quoting *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2000).

AFFIRMED.

### UNITED STATES of America, Plaintiff—Appellee,

v.

### Clevon McPHERSON, Defendant—Appellant.

### No. 05–10694.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 2006.*

Filed Sept. 20, 2006.

Susan R. Jerich, Esq., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Daniel P. Blank, Esq., Federal Public Defender's Office, San Francisco, CA, for Defendant–Appellant.

Before: W. FLETCHER, and RAWLINSON, Circuit Judges, and SELNA,** District Judge.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

## MEMORANDUM ***

Defendant-appellant Clevon McPherson appeals his sentence of 51 months imprisonment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). McPherson argues that the district court erred in calculating the appropriate sentencing guideline range because it miscalculated the number of criminal history points to be attributed to a previous infraction committed as a juvenile. Pursuant to United States Sentencing Guideline § 4A1.2(d)(2)(A), the district court attributed two criminal history points to McPherson's nearly two-year detention at the California Youth Authority ("CYA"). Section 4A1.2(d)(2)(A) provides for the addition of two criminal history points "for each adult or juvenile sentence to confinement of at least sixty days." McPherson contends that the district court erred in applying § 4A1.2(d)(2)(A) because nothing in the record shows that he was actually sentenced to a period of confinement "of at least 60 days." However, McPherson does not contest the fact that he actually spent nearly two years at the CYA.

The length of the sentence may be proved by the actual sentence served. *See United States v. Williams,* 891 F.2d 212, 215 (9th Cir.1989) ("If a sentence resulted in confinement of at least 60 days, the defendant is given 2 points[.]"); *see also United States v. Booten,* 914 F.2d 1352, 1353 (9th Cir.1990) (in upholding a two-point assessment the court referenced the amount of time the defendant spent in confinement). Based on the record before

---

it, the district court did not err in assessing the two points for McPherson's juvenile infraction.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.