UNITED STATES of America, Appellee,

v.

**Robert Michael RUTAN, Appellant.**

**No. 91–1154.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 27, 1991.

Decided Feb. 12, 1992.

**828**

George Walton Appleby, Des Moines, Iowa, argued, for appellant.

Linda R. Reade, Asst. U.S. Atty., Des Moines, Iowa, argued (Gene W. Shepard, U.S. Atty., on brief), for appellee.

Before MAGILL, BEAM and LOKEN, Circuit Judges.

BEAM, Circuit Judge.

Robert Michael Rutan appeals a sentence imposed under the sentencing guidelines. The government moves to dismiss on the ground that Rutan waived his right to an appeal. We hold that a defendant may, in a valid plea agreement, waive his right to appeal under 18 U.S.C. § 3742(a) (1985), and we hold that Rutan knowingly and voluntarily waived that right. The government's motion is granted and Rutan's appeal is dismissed.

## I. BACKGROUND

Rutan was charged with bank robbery and use of a dangerous weapon in commission of a bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Supp.1991). Pursuant to a plea agreement, Rutan pled guilty to the bank robbery charge and agreed to waive his right to appeal his guideline sentence under section 3742(a). The government agreed, in the plea agreement, to dismiss the gun charge and further agreed not to resist a two-point reduction for acceptance of responsibility. The government also reserved its right to withdraw its recommendation on acceptance of responsibility if Rutan were to obstruct justice before he was sentenced. The district court accepted the plea after an exten-

sive colloquy regarding the implications of the waiver.

Prior to sentencing, Rutan was charged with participating in an escape attempt. As a result, the government resisted the two-point reduction for acceptance of responsibility and, instead, sought a two-point enhancement for obstruction of justice. At the sentencing hearing, evidence was adduced regarding the purported escape attempt. Rutan testified that the attempt was primarily for the purpose of importing drugs into the prison for one of the other inmates and that he and the other inmates were merely "trying to see if we could" escape. Rutan was sentenced, as a career offender, to the maximum of twenty years. He was not given a two-point reduction for acceptance of responsibility or an enhancement for obstruction of justice.[1]

## II. DISCUSSION

Rutan argues that his waiver of his right to an appeal is not enforceable because a defendant cannot knowingly and voluntarily waive an unknown right. He further argues that even if waivers are generally allowed, the waiver in his case cannot stand because the government breached the plea agreement by resisting the two-point reduction.

 Plea bargaining does not violate the Constitution, even though a guilty plea waives important constitutional rights. *Newton v. Rumery*, 480 U.S. 386, 393, 107 S.Ct. 1187, 1192, 94 L.Ed.2d 405 (1987) (holding that a release of the right to file a 42 U.S.C. § 1983 action in exchange for dismissal of criminal charges is enforceable). It is well-settled that a defendant may affirmatively waive constitutional rights to a jury trial, to confront and cross-examine witnesses, and to the Fifth Amendment privilege against self-incrimination. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274

(1969). A defendant may also waive the right to counsel. *Faretta v. California*, 422 U.S. 806, 807, 95 S.Ct. 2525, 2527, 45 L.Ed.2d 562 (1975). There is no constitutional right to an appeal; the right to appeal is purely a creature of statute. *Abney v. United States*, 431 U.S. 651, 656, 97 S.Ct. 2034, 2038, 52 L.Ed.2d 651 (1977).

 If defendants can waive fundamental constitutional rights, surely they are not precluded from waiving procedural rights granted by statute. *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir.1990). *See also United States v. Navarro–Botello*, 912 F.2d 318, 320 (9th Cir.1990). Accordingly, a defendant who pleads guilty and expressly waives the statutory right to raise objections to a sentence may not then seek to appeal the very sentence which itself was part of the agreement. *Wiggins*, 905 F.2d at 53. Such a waiver, however, is effective only insofar as it is the result of a knowing and voluntary decision to forego the right to appeal. *United States v. Wessells*, 936 F.2d 165, 167 (4th Cir.1991). We hold that if a waiver of appeal is made knowingly and voluntarily, it is enforceable.

 The chief virtues of plea agreements are speed, economy, and finality. *Wiggins*, 905 F.2d at 54. Waivers of appeal in plea agreements preserve the finality of judgments and sentences imposed pursuant to valid pleas of guilty. *Id.* We also note that plea agreements are of value to the accused in order to gain concessions from the government. We feel constrained not to interfere with a defendant's right to enter into these agreements. We believe that such waivers should be given their proper effect. We also note that an illegal sentence can still be challenged under 28 U.S.C. § 2255 for habeas corpus relief, so a defendant is not entirely without recourse from an erroneous sentence. Also, a waiv-

---

1. It is the district court's refusal to grant a two-point reduction for acceptance of responsibility which Rutan challenges in the merits of his appeal. If we were to address the merits, we would find the appeal frivolous, especially in light of the factual scenario. The trial judge clearly had reason to find that Rutan was not entitled to a two-point reduction. Regardless, whether a defendant has accepted responsibility is a factual question which depends largely on credibility assessments by the sentencing court; this court reverses only if the court's ruling is without foundation. *United States v. Youmans*, 926 F.2d 747, 749 (8th Cir.1991).

er of right to appeal would not prevent an appeal where the sentence imposed is not in accordance with the negotiated agreement. *Navarro–Botello*, 912 F.2d at 321.

 Review of the transcript of the hearing on Rutan's change of plea shows that Rutan fully understood the consequences of the waiver. The trial judge engaged in extensive discussion with Rutan. The judge made clear to Rutan that mistakes are made in sentencing and that Rutan would have no recourse if a mistake were to occur. Though the district judge expressed reservations about the legality of waivers of sentencing guidelines appeals, he noted that there was authority to uphold such a waiver and that the issue was for ultimate resolution by this court. Rutan expressed an intent to appeal regardless of the waiver. Arguably, that intent negates the willingness of his waiver. However, his purpose can fairly be interpreted as intent to appeal only the issue of validity of the waiver. We find that Rutan knowingly and voluntarily waived his right to appeal.

Rutan's assertion that he cannot waive an unknown right is baseless.[2] The transcript shows Rutan to be an intelligent and articulate individual who keenly comprehends and appreciates the workings of the criminal justice system. While Rutan may not have known the exact dimension of the sentence, he knew he had a right to appeal his sentence and that he was giving up that right. He further understood that he was subject to a maximum sentence of twenty years.[3] In exchange for his guilty plea and waiver of right to appeal, he knew that he gained the benefit of dismissal of the gun charge, which carried with it a possible sentence of an additional five years, and lack of resistance to a two-point reduction.

Rutan's knowledge is adequate to make his plea agreement knowing and voluntary. *See, e.g., Navarro–Botello*, 912 F.2d at 320.

 Finally, Rutan contends that he cannot be bound by the waiver because the government breached the agreement. The record shows that the government expressly reserved the right to object to the two-point reduction and that it had cause to object. We find that the agreement is valid and the government has not breached it. Therefore, we do not reach Rutan's contentions regarding any purported errors in sentencing.

## III. CONCLUSION

For the reasons set forth above, the government's motion to dismiss is granted.

---

**2.** This argument would apply equally to the trial proceeding. An accused does not know that the government will be able to prove its case, how witnesses will testify, or that he will be able to competently represent himself, yet he may freely waive his rights to jury trial, to confront witnesses, and to counsel.

**3.** Rutan's signed "Statement in Advance of Plea of Guilty" states that he "know[s] that the possible penalty provided by law is to be fined not more than $250,000 or imprisoned not more than twenty years, or both". In addition, there was extensive discussion at the change of plea hearing regarding the fact that Rutan's recommended guideline sentence would most likely be a total offense level of 32, with a sentence in the range of 210 to 262 months. He was aware that he would have a high criminal history category in view of his past record of convictions for violent crimes, including two murders.