**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kent Andrew BENDER, Defendant– Appellant.**

**No. 93–1800.**

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1994.

Decided Aug. 19, 1994.

Virginia Villa, Minneapolis, MN, argued (Andrea K. George and Birch P. Burdick, on the brief), for appellant.

Carol A. Needles, Minneapolis, MN, argued (Francis X. Hermann, Carol A. Needles and Gary Leistica, on the brief), for appellee.

Before MAGILL, Circuit Judge, FLOYD R. GIBSON and JOHN R. GIBSON, Senior Circuit Judges.

JOHN R. GIBSON, Senior Circuit Judge.

Kent Andrew Bender appeals the sentence the district court[1] imposed after Bender pleaded guilty to one count of conspiring to use unauthorized credit cards with the intent to defraud, 18 U.S.C. § 371 and 18 U.S.C. § 1029(a)(2) (1988). Bender argues that the district court erred in calculating the amount of loss attributable to him, and thus calculated his sentence incorrectly under the applicable sentencing guideline. *See* United States Sentencing Commission, *Guidelines Manual,* § 2F1.1 (Nov. 1993). Specifically, he argues that he withdrew from the conspiracy and the court should have attributed only the amount of loss that accrued before his alleged withdrawal when determining his sentence. We affirm.

Bender, an employee at a service station in Fridley, Minnesota, pleaded guilty to involvement in a conspiracy to defraud the government by making phony gasoline purchases using government credit cards at two separate gas stations. The fraudulent transactions at the Fridley station amounted to $9,784.33. After Bender was fired from his job at the Fridley station on October 23, 1987, for reasons unrelated to his participation in the credit card scheme, his co-conspirator continued to make fraudulent transactions at a second station in Maplewood, Minnesota, which resulted in an additional loss of $2,792.04.

Bender's plea agreement stated in relevant part:

The parties agree that from on or about July 4, 1987, to on or about December 12, 1987, in the State and District of Minnesota, the defendant conspired with Mark E. Hanley to use with the intent to defraud unauthorized access devices, namely six U.S. Government National Credit Cards.... In particular, the parties agree that the defendant and Hanley fraudulently used six government credit cards which had been issued to the United States Marine Corps Recruiting Station in Minneapolis, Minnesota. The parties further agree that fraudulent transactions in excess of $12,000 were posted on the [credit cards] from August, 1987, to December, 1987, at two Sinclair service stations located in Fridley and Maplewood, Minnesota. The parties further agree, however, that the *defendant (Bender) was employed only at the Fridley gas station* and that the fraudulent transactions conducted at the Fridley station amount to approximately $9,784.33.

The presentence report assessed a base offense level of 6; a three-level increase based on financial loss of more than $10,000, § 2F1.1(b)(1)(D); a two-level increase because the offense involved more than minimal planning, § 2F1.1(b)(2); a two-level reduction because Bender was only a minor participant in the conspiracy; and a two-level reduction because Bender accepted responsibility for the activity, resulting in a total offense level of 7. The district court attributed the entire amount of loss to Bender. Accordingly, the court increased his base offense level, sentenced him to one month in prison and three years of supervised release, ordered him reside in a community corrections center for six months, and directed him to pay restitution of $12,536.73 in conjunction with his co-conspirator, Mark Hanley.

■ Bender argues on appeal that the district court erred in calculating the amount of loss to be attributed to him, contending that he was not aware of and did not have any involvement in the later transactions which increased the loss to an amount over $10,000. Specifically, he argues that the amount of loss should be limited to $9,784.33, rather

---

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

than $12,536.37, and therefore should result in a two-level base offense increase under U.S.S.G. § 2F1.1(b)(1)(C), rather than a three-level increase under U.S.S.G. § 2F1.1(b)(1)(D).

■ We review the district court's findings of facts under the clearly erroneous standard. *United States v. Mills,* 987 F.2d 1311, 1315 (8th Cir.), *cert. denied,* — U.S. ——, 114 S.Ct. 403, 126 L.Ed.2d 351 (1993). However, when the determination of the loss attributable to a defendant requires a district court to make a legal interpretation of the sentencing guidelines and apply that interpretation to the facts of the case, we review the court's determination of loss de novo. *Id.* The government has the burden of proof with respect to the base offense level and any enhancing factors. *United States v. Hammer,* 3 F.3d 266, 272 (8th Cir.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 1121, 127 L.Ed.2d 430 (1994). The defendant has the burden to prove mitigating factors. *Id.* The district court is not required to calculate the amount of loss with precision, but must only make a reasonable estimate based on the evidence. *Mills,* 987 F.2d at 1315; *see* U.S.S.G. § 2F1.1 cmt. 8 (App. Note) ("Loss need not be determined with precision. The court need only make a reasonable estimate of the loss, given the available information.").

We need not reach Bender's argument that he withdrew from the conspiracy in October 1987 when he ceased working at the service station, and therefore the losses occurring from October to December 1987 should not be attributable to him. Bender waived any argument he may have had concerning the amount of loss attributable to him by admitting in his plea agreement that he was involved in a conspiracy that extended to December 1987. *See United States v. Dailey,* 918 F.2d 747, 748 (8th Cir.1990) (district court may rely on stipulations between the government and a defendant in determining facts relevant to sentencing). We conclude that the district court had sufficient evidence from the plea agreement and the parties' stipulations to determine that Bender had not withdrawn from the conspiracy. Therefore, the district court did not err in finding Bender was responsible for a loss of over

$12,000, and imposing a three-level enhancement to his sentence.

Accordingly, we affirm the district court's judgment.