65 F.3d 172
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Donald Ray MITCHELL, Appellant.
 No. 95-1534
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Aug. 31, 1995
Filed: Sept. 8, 1995
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Donald Ray Mitchell falsely represented that he was a psychologist, counseled members of a health benefit plan, and submitted reimbursement claim forms to the plan's intermediary claims adjuster, for which he received partial payment. Mitchell later pleaded guilty to mail fraud, in violation of 18 U.S.C. Sec. 1341. The district court[1] sentenced him to 18 months imprisonment to be followed by two years of supervised release, and ordered him to pay restitution in the amount of $10,000. Mitchell appeals his sentence. We affirm.
 
 
 2
 Mitchell first argues that the district court erred in finding that the amount of intended loss was more than $200,000, which resulted in an 8-level increase to his base offense level under
 
 
 3
 U.S.S.G. Sec. 2F1.1(b)(1)(I). We review a district court's factual findings as to the amount of loss under section 2F1.1 for clear error. United States v. Bender, 33 F.3d 21, 23 (8th Cir.1994). " 'The focus for sentencing purposes under Sec. 2F1.1 should be on the amount of possible loss the defendant attempted to inflict on the victim.' " United States v. Mills, 987 F.2d 1311, 1316 (8th Cir.) (citing United States v. Prendergast, 979 F.2d 1289, 1292 (8th Cir.1992)), cert. denied, 114 S. Ct. 403 (1993); see also United States v. George, 986 F.2d 1176, 1179 (8th Cir.) ("the amount of loss relevant to sentencing purposes is either the amount of loss that the defendant intended to inflict or the actual loss resulting from the fraudulent conduct, whichever is greater"), cert. denied, 114 S. Ct. 269 (1993). Based upon the evidence in the record, we conclude the district court did not clearly err in finding that Mitchell intended to inflict a loss in excess of $200,000; the record shows that Mitchell submitted insurance reimbursement claim forms totaling over $300,000. See United States v. Lghodaro, 967 F.2d 1028, 1031 (5th Cir.1992) (per curiam) (holding intended loss to insurance company was amount of false claims filed, not amount paid to defendant by company). We reject Mitchell's assertion that the district court was required to consider revenues generated by similar operations. See U.S.S.G. 2F1.1, comment. (n.8).
 
 
 4
 Mitchell also argues that the district court erred in enhancing his base offense level by two levels under U.S.S.G. Sec. 3B1.1(c) for being a leader or organizer. The definition of leadership or organizational role is broad, and we will not reverse the district court's finding on this issue unless it is clearly erroneous. See United States v. Horne, 4 F.3d 579, 590 (8th Cir.1993), cert. denied, 114 S. Ct. 1121 (1994). To qualify for a section 3B1.1 adjustment, "the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." U.S.S.G. Sec. 3B1.1, comment. (n.2). The record shows that Mitchell was not, as he asserts, a "one-man band." Mitchell stipulated to facts indicating that another participant-a psychologist-participated in the scheme; that Mitchell directed the psychologist to sign his name on reimbursement claim forms for work Mitchell had performed, when the insurance company questioned Mitchell's billing patterns and credentials; and that the psychologist copied treatment notes Mitchell gave him, and then submitted them to the insurance company, falsely representing that he had provided the described treatment. See U.S.S.G. Sec. 3B1.1, comment. (n.1). Based on this and other evidence in the record, we conclude the district court did not clearly err in assessing the section 3B1.1(c) increase. Cf. United States v. Morris, 18 F.3d 562, 569 (8th Cir.1994) (two-level increase under Sec. 3B1.1(c) proper when record showed defendant exercised direct control of bank and caused employees to perform acts designed to perpetuate and conceal fraudulent activities).
 
 
 5
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri