_____

No. 95-1798
_____

United States of America,          *
                                   *
          Appellee,                *
                                   *  Appeal from the United States
     v.                            *  District Court for the
                                   *  Southern District of Iowa.
Nathaniel David Hammond,           *
                                   *  [UNPUBLISHED]
          Appellant.               *


_____

          Submitted:  December 27, 1995

          Filed:  January 4, 1996
_____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Nathaniel David Hammond appeals the 14-month sentence imposed
by the district court[1] following his guilty plea to one charge of
defrauding a bank, in violation of 18 U.S.C. § 1344, and one count
of unauthorized use of an access device, in violation of 18 U.S.C.
§ 1029.  Counsel filed a brief pursuant to Anders v. California,
386 U.S. 738 (1967).  Although we granted him leave to do so,
Hammond has not filed a supplemental brief.


     Counsel's Anders brief raises two issues.  The first argument
is that the district court incorrectly concluded Hammond inflicted
a loss of $75,402.61, which resulted in a six-level increase in
Hammond's    base    offense    level,    pursuant    to    U.S.S.G.
§ 2F1.1(b)(1)(G).  Hammond maintained in his written objections to

_____

     [1]The Honorable R. E. Longstaff, United States District Judge
for the Southern District of Iowa.

the presentence investigation report that $8,000 of the total loss attributable to him should be excluded from the loss calculation, because this amount reflected credit card charges that were never claimed as a loss by the card holders. We disagree. A district court "need only make a reasonable estimate of the loss, given the available information." U.S.S.G. § 2F1.1 comment. (n.8). Under section 2F1.1, the defendant is responsible for the total value of the possible loss, rather than the actual loss. See United States v. Smith, 62 F.3d 1073, 1079 (8th Cir. 1995). Hammond never maintained, much less showed, that the $8,000 in credits to him derived from legitimate transactions. Therefore, the district court did not clearly err in assessing $75,402.61 as the total loss Hammond attempted to inflict. See United States v. Bender, 33 F.3d 21, 23 (8th Cir. 1994) (district court's factual findings as to amount of loss under § 2F1.1 reviewed for clear error).

The second argument is that the district court erred in considering at sentencing information derived from a prior psychological evaluation of Hammond that was not related to this case. We are persuaded upon our review of the record, however, that the district court did not consider the information, and that any error in failing to explicitly state that the court would not consider the material was harmless. See United States v. Beatty, 9 F.3d 686, 690-91 (8th Cir. 1993) (district court's failure to comply with Rule 32(c) was harmless error).

We have reviewed the record to determine whether any other nonfrivolous issues exist, in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), and have found no such issues.

Accordingly, Hammond's conviction and sentence are affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.