_____

No. 95-4110

_____

United States of America,    *
                             *
          Appellee,          *
                             *  Appeal from the United States
     v.                      *  District Court for the
                             *  Northern District of Iowa.
Howard Stephen Hoover,       *        [UNPUBLISHED]
                             *
          Appellant.         *


_____

          Submitted:  May 27, 1996

            Filed:  June 6, 1996
_____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
_____

PER CURIAM.


     Howard Stephen Hoover pleaded guilty to knowingly making false
statements in writing, in violation of 18 U.S.C. § 1018.  As a law
enforcement officer, he had falsified forms accounting for the disbursement
of drug task force funds.  At sentencing, the government produced evidence
of an audit of task force expenditures showing a shortage of over $26,000
and no accounting of controlled substances for which Hoover had allegedly
expended those funds while acting in an undercover capacity.  Considering
Hoover's conduct beyond the offense of conviction, the district court[1]
found that the amount of loss attributable to Hoover for purposes of
U.S.S.G. § 2F1.1 was $16,660; the court also found that Hoover

_____

     [1]The Honorable John A. Jarvey, Chief United States Magistrate
Judge for the Northern District of Iowa, presided over this
misdemeanor prosecution pursuant to 18 U.S.C. § 3401.

abused a public trust under U.S.S.G. § 3B1.3.  The district court sentenced Hoover to 10 months imprisonment and one year of supervised release, and ordered him to pay $16,660 in restitution.  Hoover appeals, and we affirm.

We turn first to Hoover's arguments regarding relevant conduct and amount of loss.  The government proved by a preponderance of the evidence that Hoover's uncharged conduct relating to the unaccounted-for funds was "part of the same course of conduct or common scheme or plan as the offense of conviction."  U.S.S.G. § 1B1.3(a)(2); see also id. at comment. (n.9). Accordingly, we conclude the district court did not clearly err by finding that the uncharged conduct was relevant to the offense of conviction and that the amount of loss was $16,660.  See U.S.S.G. § 2F1.1, comment. (nn.6, 8) (cumulative loss from common scheme or plan is used in determining offense level; district court need only make reasonable estimate of loss given available information); United States v. Ballew, 40 F.3d 936, 943 (8th Cir. 1994) (standard of review for determining whether defendant's acts constituted relevant conduct), cert. denied, 115 S. Ct. 1813 (1995); United States v. Bender, 33 F.3d 21, 23 (8th Cir. 1994) (standard of review for determining amount of loss under § 2F1.1); United States v. Galloway, 976 F.2d 414, 425 (8th Cir. 1992) (en banc) (under § 1B1.3, sentencing court may consider conduct beyond count of conviction), cert. denied, 507 U.S. 974 (1993).

Hoover also challenges the abuse-of-trust enhancement.  The Guidelines provide that a defendant's offense level should be increased by two levels "[i]f the defendant abused a position of public . . . trust . . . in a manner that significantly facilitated the commission or concealment of the offense."  U.S.S.G. § 3B1.3.  We conclude the record supports that Hoover abused his position of public trust as a law enforcement officer in a manner that facilitated both the commission and the concealment of his offense.  See United States v. Baker, No. 95-1525, slip op. at 7 (8th Cir.

Apr. 29, 1996) ("police officers clearly occupy positions of public trust); United States v. Williamson, 53 F.3d 1500, 1525 (10th Cir.) ("commission of crime by police officer constitutes abuse of public trust" (internal quotation omitted); holding § 3B1.3 applicable where police officer "uses special knowledge, access, or both, that has been obtained by virtue of his or her status as an officer to facilitate substantially the offenses in question"), cert. denied, 116 S. Ct. 218 (1995). Accordingly, we conclude the district court did not clearly err by assessing an abuse-of-trust enhancement. See United States v. Fitzhugh, 78 F.3d 1326, 1330 (8th Cir. 1996) (standard of review).

Contrary to Hoover's assertion, the district court did not err by ordering him to pay restitution, see 18 U.S.C. § 3663(a)(1); see also U.S.S.G. § 5E1.1(a)(1), because Hoover engaged in a broad scheme to defraud beyond the offense of conviction, see United States v. Manzer, 69 F.3d 222, 229-30 (8th Cir. 1995). Nor did the district court abuse its discretion in setting restitution at the figure the court determined to be the amount of loss. See United States v. French, 46 F.3d 710, 716 (8th Cir. 1995) (standard of review); see also Manzer, 69 F.3d at 229 (district court has right to order restitution even though defendant is indigent at time sentence is imposed).

Finally, we conclude the district court did not plainly err by prohibiting Hoover from possessing a firearm while on supervised release. See United States v. Ryan, 41 F.3d 361, 366-67 (8th Cir. 1994) (en banc) (plain-error analysis), cert. denied, 115 S. Ct. 1793 (1995); United States v. Prendergast, 979 F.2d 1289, 1292-93 (8th Cir. 1992) (standard of review for condition of supervised release).

Accordingly, we affirm the judgment of the district court.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.