_____

No. 96-1517
_____

United States of America, *
 *
   Appellee, *
 * Appeal from the United States
 v. * District Court for the
 * District of Minnesota
Jerome R. Faulkner, also known *
as Na-Na, * [UNPUBLISHED]
 *
   Appellant. *

_____

Submitted: July 5, 1996

Filed: July 17, 1996
_____

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.
_____

PER CURIAM.

Jerome R. Faulkner appeals his sixty-month sentence imposed by the United States District Court[1] for the District of Minnesota. His counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). For the reasons discussed below, we affirm.

Pursuant to a written plea agreement, Faulkner pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). In the plea agreement, the government agreed to recommend a downward departure to a maximum sentencing range of 60 months if Faulkner fulfilled his promise to provide substantial assistance to the government. The parties further agreed to waive

_____

[1]The Honorable Michael James Davis, United States District Judge for the District of Minnesota.

their right to appeal the sentence imposed if the district court accepted the government's recommended sentence. After the government moved for a downward departure under 18 U.S.C. § 3553 and U.S.S.G. § 5K1.1, the district court sentenced Faulkner to 60 months imprisonment, five years supervised release, and a $50 special assessment. Faulkner appeals.

A defendant who pleads guilty and expressly waives the statutory right to raise objections to a sentence may not appeal the sentence that was part of the agreement. United States v. Rutan, 956 F.2d 827, 829 (8th Cir. 1992). To be effective, the waiver must be the result of a knowing and voluntary decision to forego the right to appeal. Id. The transcript presented on appeal of Faulkner's guilty-plea hearing shows that Faulkner stated he understood that he was relinquishing his appeal right. Thus, we conclude Faulkner knowingly and voluntarily waived his right to appeal his sentence. See id. at 830.

Having carefully reviewed the record, we find no other nonfrivolous issue for appeal. See Penson v. Ohio, 488 U.S. 75, 80 (1988).

Accordingly, we affirm the judgment of the district court. We also grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-