_____

No. 96-1705
_____

United States of America,  *
                           *
          Appellee,        *
                           * Appeal from the United States
     v.                    * District Court for the
                           * District of Minnesota.
William Ronald Rieser,     *
                           *      [UNPUBLISHED]
          Appellant.       *

_____

           Submitted:  August 21, 1996

              Filed:  August 26, 1996
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     William Ronald Rieser pleaded guilty to attempted tax evasion, mail
fraud, money laundering, and bank fraud.  In his written plea agreement,
Rieser agreed to waive his right to appeal his sentence unless the district
court[1] departed from the applicable Guidelines sentencing range.  Applying
U.S.S.G. § 2F1.1(b)(1)(Q) & comment. (n.7(b)), the district court found
that Rieser intended a loss of roughly $3.5 million, resulting in a
thirteen-level increase to the base offense level and a 33-to-41-month
sentencing range.  The court sentenced Rieser to 33 months imprisonment and
five years supervised release, and ordered him to pay a total of $15,000
in restitution.  Rieser appeals, challenging the district court's amount-
of-loss calculation.

_____

     [1]The Honorable Paul A. Magnuson, Chief Judge, United States
District Court for the District of Minnesota.

A defendant who pleads guilty and expressly waives the statutory right to raise objections to a sentence may not appeal the sentence that was part of the agreement. United States v. Rutan, 956 F.2d 827, 829 (8th Cir. 1992). To be effective, the waiver must be the result of a knowing and voluntary decision to forego the right to appeal. Id. The transcript of Rieser's guilty-plea hearing shows that the district court asked Rieser whether he understood that he was relinquishing the right to appeal his sentence, and Rieser responded that he did. Thus, we conclude Rieser knowingly and voluntarily waived the right to appeal his sentence.[2] See id. at 830.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]In any event, Rieser's appeal is meritless, as the district court did not clearly err by finding that the amount of loss was $3.5 million. See United States v. Bender, 33 F.3d 21, 23 (8th Cir. 1994) (standard of review for determining amount of loss under § 2F1.1); United States v. Prendergast, 979 F.2d 1289, 1291-92 & n.1 (8th Cir. 1992) (refusing to credit defendant with amount of loan repaid by him); United States v. Johnson, 908 F.2d 396, 398 (8th Cir. 1990) (refusing to credit defendant with value of property returned to victim).