# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1363

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   District of Minnesota. |
| Scotty Iverson Floyd, | *     [UNPUBLISHED] |
| | * |
| Appellant. | * |

_____

Submitted: July 30, 1998

Filed: August 18, 1998

_____

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Scotty Iverson Floyd appeals from the 151-month sentence imposed by the district court[1] after he pleaded guilty to conspiring to distribute in excess of 130 grams of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Floyd argues that the district court erred in calculating his criminal history score, in assessing a role-in-the-offense enhancement, and in declining to modify his plea agreement to state he

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

distributed cocaine powder rather than cocaine base.  The government maintains that Floyd waived his right to appeal his sentence because he agreed not to appeal so long as the Guidelines range was based on a total offense level of 31 or below, and the court had in fact calculated a total offense level of 31.

We conclude that Floyd waived his right to appeal his sentence, as the appeal-waiver language in the written plea agreement was clear, Floyd does not contend that his waiver was made unknowingly or involuntarily, and his sentence was within the range contemplated by the plea agreement.  See United States v. Rutan, 956 F.2d 827, 829 (8th Cir. 1992) (defendant who pleads guilty and expressly waives statutory right to raise objections to sentence may not appeal sentence that was part of plea agreement, so long as waiver results from knowing and voluntary decision to forego right to appeal); see also United States v. Stuttley, 103 F.3d 684, 686 (8th Cir. 1997) (defendant may not challenge sentence when he agrees in plea agreement not to appeal if sentence is within contemplated range and district court ultimately sentences defendant within that range), cert. denied, 118 S. Ct. 83 (1997).

Accordingly, we now specifically enforce Floyd's promise not to appeal by dismissing his appeal.  See United States v. His Law, 85 F.3d 379, 379 (8th Cir. 1996) (per curiam).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-