# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2372

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Andre Williams, | * | |
| | * | [To be published] |
| Appellant. | * | |

_____

Submitted: November 2, 1998
Filed: November 10, 1998

_____

Before McMILLIAN, RICHARD S. ARNOLD, and BEAM, Circuit Judges.

_____

PER CURIAM.

Andre Williams appeals from the sentence imposed by the District Court[1] after he pleaded guilty to possessing with intent to distribute in excess of 50 grams of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (Count 1), and possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 2). After granting the government's motion under U.S. Sentencing Guidelines Manual § 5K1.1 (1997), the Court sentenced Williams to ten

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

years (120 months) imprisonment on each count, and concurrent supervised release terms of five years on Count 1 and three years on Count 2; the Court also imposed a $250 fine on each count. This appeal followed. After appellate counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), we granted Williams permission to file a pro se supplemental brief, and he has done so. The government has filed a motion to dismiss Williams's appeal, arguing that he knowingly and voluntarily waived his right to appeal as part of his agreement to plead guilty. We grant the government's motion to dismiss.

The following relevant language appears in Williams's written plea agreement:

> The defendant has been advised of his right to appeal any sentence imposed by the Court . . . . Having been advised of these rights, both the defendant and the United States agree to waive their right to appeal the sentence to be imposed under the Sentencing Guidelines, except in the event the Court should exercise its discretion to depart from the applicable Sentencing Guidelines range. In that event the adversely affected party retains its rights to appeal the imposed sentence.

A defendant may waive his right to appeal; however, the waiver "must be the result of a knowing and voluntary decision." United States v. Michelson, 141 F.3d 867, 871 (8th Cir.), cert. denied, 67 U.S.L.W. 3258 (U.S. Oct. 13, 1998) (No. 98-6033). We conclude that Williams waived his right to bring this appeal, as the waiver language in the plea agreement is clear, and Williams was not "adversely affected" by the District Court's downward departure from the applicable Guideline range. Moreover, at the change-of-plea hearing, Williams acknowledged that he understood that he was waiving his right to appeal; the Court again brought the appeal waiver to Williams's attention at the conclusion of the sentencing hearing, with no objection or question from Williams; Williams does not maintain on appeal that his waiver was made unknowingly or involuntarily; and his sentence does not conflict with the plea

agreement.  See <u>United States v. Greger</u>, 98 F.3d 1080, 1081-82 (8th Cir. 1996) (so long as sentence is not in conflict with negotiated plea agreement, knowing and voluntary waiver of right to appeal from sentence will be enforced; waiver was knowing and intelligent where it was included in plea agreement, it was discussed at change-of-plea hearing, court imposed sentence without objection from defendant, and court reviewed waiver of right to appeal at sentencing); <u>United States v. Rutan</u>, 956 F.2d 827, 829-30 & n.3 (8th Cir. 1992) (defendant who pleads guilty and expressly waives statutory right to raise objections to sentence may not appeal sentence that was part of plea agreement, so long as waiver results from knowing and voluntary decision to forego right to appeal).

Accordingly, we now specifically enforce Williams's promise not to appeal  by dismissing his appeal.  See <u>United States v. His Law</u>, 85 F.3d 379, 379 (8th Cir. 1996) (per curiam).  We also deny Williams's pending motion for appointment of counsel.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.