# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1738

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Melvin Lee Israelson, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  January 28, 1999

Filed:  February 8, 1999

_____

Before WOLLMAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Melvin Lee Israelson appeals from the sentence imposed by the district court[1]
after he pleaded guilty to possessing with intent to distribute methamphetamine, in
violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).  The district court calculated a
Guidelines imprisonment range of 151-188 months based on a total offense level of 33
and a Criminal History Category of II, and sentenced Israelson to 151 months'
imprisonment and five years' supervised release.  This appeal followed.  After
appellate counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738
(1967), we granted Israelson permission to file a pro se supplemental brief, and he has

_____

[1]The Honorable Michael James Davis, United States District Judge for the
District of Minnesota.

done so. As we conclude that Israelson knowingly waived his right to appeal his sentence, however, we dismiss his appeal.

Israelson's plea agreement stated that, should the district court accept the plea agreement and sentence Israelson "at or below a total offense level of 33," then Israelson "agree[d] to waive his right to appeal or to contest, directly or collaterally, his sentence on any ground, unless the court should impose a sentence in violation of the law apart from the Sentencing Guidelines."

A defendant may waive his right to appeal; however, the waiver "must be the result of a knowing and voluntary decision." United States v. Michelsen, 141 F.3d 867, 871 (8th Cir.), cert. denied, 119 S. Ct. 363 (1998). We conclude that Israelson waived his right to bring this appeal, as the waiver language in the plea agreement is clear; at the change-of-plea hearing, Israelson acknowledged he understood that he was waiving his right to appeal; Israelson does not maintain on appeal that his waiver was made unknowingly or involuntarily; and his sentence does not conflict with the plea agreement. See United States v. Greger, 98 F.3d 11080, 1081-82 (8th Cir. 1996); United States v. Rutan, 956 F.2d 827, 829-30 & n.3 (8th Cir. 1992).

Accordingly, we now specifically enforce Israelson's promise not to appeal by dismissing his appeal. See United States v. His Law, 85 F.3d 379, 379 (8th Cir. 1996) (per curiam). We also grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.