# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1974

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Robert Makoi, also known as Khosrow | * | [UNPUBLISHED] |
| Djalaipour, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  June 3, 1999
Filed: June 9, 1999

_____

Before HANSEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Robert Makoi pleaded guilty to conspiring to execute a scheme to defraud a financial institution by means of false pretense and executing a scheme to defraud a financial institution.  In this appeal, Makoi challenges the district court's calculations under the sentencing guidelines.  The government contends, however, that Makoi knowingly and voluntarily waived his right to appeal.  We agree and dismiss the appeal.

Makoi's plea agreement contains the following language:

> [Makoi] has been fully apprised of his right to appeal by his attorney and fully understands that he has a right to appeal his sentence under 18 U.S.C. § 3742. [The] defendant understands that as part of this agreement, both the defendant and the Government hereby mutually agree to waive all rights to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range, reserving only the right to appeal from an upward or downward departure from the Guideline range that is established at sentencing.

In our view, the waiver language in the plea agreement is clear, and Makoi is not appealing from an upward departure. We thus conclude Makoi waived his right to bring this appeal. Makoi was 31 years old with three years of college and some experience with the criminal justice system when he entered his plea. Makoi does not contend his waiver was made unknowingly or involuntarily, and his sentence does not conflict with the plea agreement. See United States v. Michelsen, 141 F.3d 867, 871-72 (8th Cir.) (defendant may waive his right to appeal if waiver is result of knowing and voluntary decision; examining personal characteristics of defendant and circumstances surrounding plea agreement when considering knowledge and voluntariness of waiver), cert. denied, 119 S. Ct. 363 (1998); United States v. Rutan, 956 F.2d 827, 829-30 & n.3 (8th Cir. 1992).

We thus enforce Makoi's waiver and dismiss his appeal. See United States v. Williams, 160 F.3d 450, 452 (8th Cir. 1998) (per curiam).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-