# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 98-3343

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Colin Blair McAfee | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

———————

Submitted: August 12, 1999
Filed: August 18, 1999

———————

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

PER CURIAM.

Colin Blair McAfee pleaded guilty to possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court[1] sentenced him to 151 months imprisonment and four years supervised release. This appeal followed. After appellate counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), we granted McAfee permission to file a pro se supplemental brief, but he has not done so. We now dismiss McAfee's appeal.

---

[1] The HONORABLE DAVID S. DOTY, United States District Judge for the District of Minnesota.

The following relevant language appears in McAfee's written plea agreement:

[McAfee] waives the right to appeal any sentence which is within or below the anticipated guideline range set forth in this plea agreement by the parties. This anticipated guideline range is defined as either the 151-188 [month] range or the 121-151 [month] range as set forth in [a prior paragraph]. This waiver by the defendant will allow him to appeal any sentence he receives which is greater than the upper end of the anticipated guideline range as set forth in this plea agreement.

We conclude that McAfee knowingly and voluntarily waived his right to bring this appeal. See United States v. Michelsen, 141 F.3d 867, 871 (8th Cir.), cert. denied, 119 S. Ct. 363 (1998). At the time of his plea, McAfee was 27 years old with a high school equivalency diploma and some experience with the criminal justice system; the waiver language in the plea agreement is clear; the waiver was discussed at length at the change-of-plea hearing; the plea colloquy made clear that McAfee understood he could not appeal if his sentence was no more than 188 months; and McAfee does not maintain on appeal that his waiver was made unknowingly or involuntarily. See id. at 871-72 (colloquy at Fed. R. Crim. P. 11 hearing regarding waiver is preferable but not prerequisite for valid waiver of right to appeal; examining personal characteristics of defendant and circumstances surrounding plea agreement when assessing knowledge and voluntariness of waiver); United States v. Greger, 98 F.3d 1080, 1081-82 (8th Cir. 1996) (so long as sentence is not in conflict with negotiated plea agreement, knowing and voluntary waiver of right to appeal from sentence will be enforced; waiver was knowing and intelligent where it was included in plea agreement, it was discussed at length at change-of-plea hearing, court imposed sentence without objection from defendant, and court reviewed appeal waiver at sentencing).

Accordingly, because McAfee's sentence was within the Guidelines range of 151-188 months, we now specifically enforce McAfee's promise not to appeal by dismissing his appeal. See United States v. Williams, 160 F.3d 450, 452 (8th Cir.

1998) (per curiam); <u>see also</u> <u>United States v. Brown</u>, 148 F.3d 1003, 1012 (8th Cir. 1998) (enforcing knowing, voluntary, and unequivocal appeal waiver where court found offense level to be 33, and defendant had agreed not to appeal under such circumstances), <u>cert. denied</u>, 119 S. Ct. 1092 (1999).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.