# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1749

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri |
| Jose Antonio Salcido-Gonzalez, also | * | |
| known as Tony, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  December 23, 1999

Filed:   January 13, 2000

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Jose Antonio Salcido-Gonzalez appeals from the final judgment entered in the District Court[1] for the Eastern District of Missouri upon his guilty plea to conspiring to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced appellant to five years

_____

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

imprisonment.  For reversal, appellant argues that the district court erred in denying his motion for safety-valve relief.  For the reasons discussed below, we dismiss his appeal.

Prior to pleading guilty, Salcido-Gonzalez entered into a sentencing stipulation in which he and the government "mutually agree[d] that they each waive[d] their right to appeal the sentence of the District Court in this matter as part of the plea agreement, unless the court departs either upwards or downward from the relevant guidelines range."  This waiver is enforceable so long as it is the result of a knowing and voluntary decision.  See United States v. Michelsen, 141 F.3d 867, 871 (8th Cir.), cert. denied, 119 S. Ct. 363 (1998).  We conclude that Salcido-Gonzalez's waiver was knowing and voluntary because, at the time of his plea, he was 24 years old, had earned a high school diploma, a degree in electrical engineering, and an electrical engineering license; he was assisted by counsel and an interpreter at the change-of-plea and sentencing hearings; the district court questioned him about the appeal waiver at the change-of-plea hearing, and engaged in an extended colloquy to determine that he was competent to enter the plea, that he understood the sentencing stipulation, and that his plea was knowing, free, and voluntary; the district court reminded him of the appeal waiver at sentencing; and the sentencing stipulation advised him of the five-year mandatory minimum term of imprisonment which he ultimately received.  See id. at 871-72 (examining personal characteristics of defendant and circumstances surrounding plea agreement when assessing knowledge and voluntariness of waiver); United States v. Greger, 98 F.3d 1080, 1081-82 (8th Cir. 1996) (so long as sentence is not in conflict with negotiated plea agreement, knowing and voluntary waiver of right to appeal from sentence will be enforced; appeal waiver was knowing and intelligent where it was included in plea agreement, it was discussed at change-of-plea hearing, court imposed sentence without objection from defendant, and court reviewed appeal waiver at sentencing).

We have previously enforced similar appeal waivers.  See United States v. Williams, 160 F.3d 450, 451 (8th Cir. 1998) (per curiam).  Although Salcido-Gonzalez's five-year statutorily required sentence is above the otherwise applicable 46-to-57-month Guidelines imprisonment range, it is not a departure from the Guidelines: it is the Guidelines sentence.  See 21 U.S.C. § 841(b)(1)(B); U.S.S.G. § 5G1.1(b) (where statutorily required minimum sentence is greater than maximum of applicable Guidelines range, statutorily required minimum sentence shall be Guidelines sentence), comment. (when statute requires minimum sentence, only sentence greater than statutorily required sentence would be departure from Guidelines) (Nov. 1, 1998).

Accordingly, because Salcido-Gonzalez's sentence was not a departure from the Guidelines, we now specifically enforce his promise not to appeal by dismissing his appeal.  See United States v. Williams, 160 F.3d at 452.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.