# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2912

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Ronald Aubrey Merritt, also known as | * | |
| Daron Collins, also known as Ron Ron, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  March 28, 2000

Filed:  April 3, 2000

_____

Before RICHARD S. ARNOLD, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Ronald Aubrey Merritt challenges the sentence imposed by the district court[1] after he pleaded guilty to conspiring to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846.  His counsel has filed a brief and moved to withdraw

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). We granted Mr. Merritt permission to file a pro se supplemental brief, and he has done so.

As part of his plea agreement, Mr. Merritt "expressly waive[d] the right to appeal his sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge, a sentence in excess of the statutory maximum, or a sentence in violation of law apart from the Sentencing Guidelines," so long as the government did not appeal. We conclude that this waiver was knowing and voluntary because, among other things, Mr. Merritt was twenty-two at the time of his plea, had a high school diploma, had never suffered from mental problems, and could read, write, and understand English; he was assisted by counsel at the change-of-plea and sentencing hearings; he was reminded of the appeal waiver at the change-of-plea hearing, and the district court verified that he had read the plea agreement, discussed it with his attorney, and understood all of its terms; and the plea agreement and the presentence report advised him of a maximum possible sentence well in excess of that which he ultimately received. <u>See</u> <u>United States v. Michelsen</u>, 141 F.3d 867, 871-72 (8th Cir.) (appeal waiver is enforceable so long as it resulted from knowing and voluntary decision; examining personal characteristics of defendant and circumstances surrounding plea agreement when assessing knowledge and voluntariness of waiver), <u>cert. denied</u>, 119 S. Ct. 363 (1998); <u>United States v. Greger</u>, 98 F.3d 1080, 1081-82 (8th Cir. 1996) (so long as sentence is not in conflict with negotiated plea agreement, knowing and voluntary waiver of right to appeal from sentence will be enforced; appeal waiver was valid where it was included in plea agreement, it was discussed at change-of-plea hearing, court imposed sentence without objection from defendant, and court reviewed appeal waiver at sentencing).

Accordingly, because the district court did not depart upward from the Guidelines or impose a sentence in excess of the statutory maximum or in violation of law apart from the Sentencing Guidelines, and the government did not appeal, we now specifically enforce Mr. Merritt's promise not to appeal by dismissing his appeal. <u>See</u>

United States v. Williams, 160 F.3d 450, 452 (8th Cir. 1998) (per curiam).  We also grant his counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.