# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4107

_____

United States of America,

        Appellee,

v.

Chris A. Naylor, also known as
Alan Naylor,

        Appellant.

\* Appeal from the United States
\* District Court for the Western
\* District of Missouri
\*
\* [UNPUBLISHED]
\*

_____

Submitted: February 23, 2001

Filed: March 6, 2001

_____

Before RICHARD S. ARNOLD, BOWMAN, and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

_____

PER CURIAM.

Chris A. Naylor appeals the sentence of 107 months imprisonment and four years supervised release imposed on him by the district court[1] following his guilty plea to conspiring to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. On appeal, counsel moved to withdraw pursuant to Anders v. California, 386

_____

[1]The Honorable D. Brook Bartlett, late a United States District Judge for the Western District of Missouri.

U.S. 738 (1967), filing a brief in which he raises two sentencing issues. Mr. Naylor raises the same issues in a pro se supplemental brief.

As part of his plea agreement, Mr. Naylor waived the right to appeal his sentence on any ground except for an upward departure, a sentence in excess of the statutory maximum, or a sentence in violation of law apart from the Guidelines. We conclude that this waiver was knowing and voluntary. Among other things, at the time of his plea hearing, Mr. Naylor was 36 years old, had a ninth-grade education, and could read and understand English; he was assisted by counsel at the relevant hearing; and he expressly does not seek to withdraw his plea. See United States v. Michelsen, 141 F.3d 867, 871-72 (8th Cir.) (examining defendant's personal characteristics and circumstances surrounding plea agreement when assessing knowledge and voluntariness of waiver), cert. denied, 525 U.S. 942 (1998).

Mr. Naylor contends that the government breached the plea agreement by arguing for a four-level aggravating-role sentencing enhancement, an enhancement that had been recommended in the presentence report and was ultimately assessed by the district court. The plea agreement, however, preserved the government's right to argue "any position it deem[ed] appropriate regarding the sentencing calculations." Based on this and other plea agreement provisions, we cannot say that the government breached the agreement or that Mr. Naylor's sentence conflicts with it. See United States v. Greger, 98 F.3d 1080, 1081 (8th Cir. 1996) (so long as sentence does not conflict with negotiated agreement, knowing and voluntary waiver of right to appeal sentence will be enforced).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we have found no non-frivolous issues for appeal. Accordingly, because Naylor's sentence was not an upward departure, a sentence in excess of the statutory maximum, or a sentence in violation of law apart from the Guidelines, we now specifically enforce his promise not to appeal by dismissing this appeal. See United

States v. Williams, 160 F.3d 450, 452 (8th Cir. 1998) (per curiam).  We also grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.